[703 NYS2d 247]

In the Matter of STEPHEN D. RYAN, III, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, February 22, 2000

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Antonia P. Cipollone* of counsel), for petitioner.

*Frank Silverstein, P. C.,* White Plains, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains 19 charges of professional misconduct against the respondent. In his answer, the respondent admitted all of the factual allegations contained in the petition, but denied that he was guilty of any professional misconduct. The respondent subsequently stipulated to the factual allegations. After a hearing, the Special Referee sustained all 19 charges against the respondent. The Grievance Committee now moves to confirm the report of the Special Referee, and the respondent cross-moves to disaffirm the report only to the extent of presenting mitigating circumstances that would have an impact upon the measure of discipline to impose.

Charge One alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. On or about March 7, 1997, the Grievance Committee for the Ninth Judicial District received a notice from the Lawyers' Fund for Client Protection that an item in the amount of $27 had been presented for payment against the respondent's attorney trust account and returned unpaid due to insufficient funds. The item in question was a "TeleCheck" debit charge related to check number 1808 in the amount of $22, which was drawn on the respondent's attorney trust account and payable to Old Navy. Check number 1808 was returned due to insufficient funds. The respondent disbursed check number 1808 to Old Navy for non-escrow-related purposes.

Charge Two alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. In or about May 1996, the respondent deposited $15,000 into his attorney trust account on behalf of a

client named Randolph Post, representing the down payment in a real estate transaction. The down payment was not available for distribution at the closing because the respondent had used the funds for personal expenses. From May 1996, when the down payment was deposited, to the date of the closing, the balance in the respondent's attorney trust account fell below the amount the respondent was required to hold on behalf of Mr. Post, and the account had a negative balance on several occasions.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. In or about June 1996, the respondent deposited $34,000 into his attorney trust account on behalf of a client named John Hammond. The $34,000 represented the down payment in a real estate transaction that closed on or about September 26, 1996. The respondent used some of those funds for personal and/or business purposes. Between June 1996, when the down payment was deposited, and the date of the closing, the balance in the respondent's attorney trust account fell below the amount the respondent was required to hold on behalf of Mr. Hammond, and the account had a negative balance on several occasions.

Charge Four alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), by failing to pay transfer taxes in a timely fashion. The respondent was required to make payments to the New York State Tax Department and the New York City Department of Finance in connection with the Hammond closing. As of January 1998, approximately 16 months after the closing, the respondent had not made the payments to the aforementioned agencies. The respondent ultimately made those payments on or about February 5, 1998.

Charge Five alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. In or about April 1996, the respondent deposited $8,500 into his attorney trust account on behalf of a client named John P. MacKenzie, representing the down pay-

ment in a real estate transaction. The respondent used some of those funds for personal and/or business purposes. Between April 1996, when the down payment was deposited, and the date of the closing, the balance in the respondent's attorney trust account fell below the amount the respondent was required to hold on behalf of Mr. MacKenzie.

Charge Six alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]), by failing to pay transfer taxes in a timely fashion. The respondent was required to make payments to the New York State Tax Department and the New York City Department of Finance in connection with the MacKenzie closing. As of January 1998, approximately 19 months after the closing, the respondent had not made the payments to the aforementioned agencies. The respondent ultimately made those payments on or about February 5, 1998.

Charge Seven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. Between November 1995 and March 1998, the respondent wrote no fewer than 150 checks payable to cash from his attorney trust account. The respondent used those checks for non-escrow-related purposes.

Charge Eight alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. In or about 1994, the respondent deposited $32,700 into his attorney trust account on behalf of a client named Jeremy Spear. The $32,700 represented the down payment in a real estate transaction that closed on or about January 10, 1995. The respondent disbursed check number 1148 in the amount of $4,578 and check number 1150 in the amount of $27,122, or $31,700, in connection with the Spear closing. He was required to hold the remaining $1,000 in escrow for the repair of windows. He released the $1,000 by check number 1775, payable to Stephen Loffredo, in or about October 1996. The $1,000 was invaded prior to October 1996 by the respondent, who used the funds for personal and/or business purposes. Moreover, the balance in the respondent's attorney trust ac-

count fell below the amount the respondent was required to hold on behalf of Mr. Spear and was a negative balance on several occasions.

Charge Nine alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties.

The respondent made numerous disbursements from his attorney trust account, including but not limited to check number 1794 payable to Metro North, for personal expenses unrelated to client matters and for which there were no corresponding funds on deposit. As a result, the aforementioned personal disbursements were drawn against funds that the respondent was required to hold on behalf of clients.

Charge ten alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties.

In or about December 1, 1995, the respondent deposited $14,000 into his attorney trust account on behalf of a client named Martin Burke. On or about February 11, 1996, the respondent disbursed check number 1558 in the amount of $14,000 to Mr. Burke in connection with the December 1, 1995 deposit. Between December 1995 and February 1996, the balance in the respondent's attorney trust account fell below the amount the respondent was required to hold on behalf of Mr. Burke.

Charge eleven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by converting funds and failing to maintain a duly-constituted escrow account in breach of his fiduciary duties.

On or about December 29, 1995, the respondent transferred $4,750 from his attorney trust account to a joint checking account maintained by him and his wife. At the time, the only funds on deposit in the respondent's attorney trust account related to the Burke matter. Accordingly, the $4,750 transfer consisted of funds that were deposited into the respondent's escrow account on behalf of Martin Burke.

Charge twelve alleged that the respondent improperly made withdrawals from his escrow account to cash and not to a named payee, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]). During the period from November 1995 and March 1998, the respondent wrote no fewer than 150 checks payable to cash from his attorney trust account.

Charge thirteen alleged that the respondent commingled personal funds with funds held on behalf of clients, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]). On several occasions, the respondent deposited personal funds into his attorney escrow account.

Charge fourteen alleged that the respondent failed to properly designate his escrow account records in a manner required by Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]).

An examination of the respondent's escrow account records revealed that the canceled checks did not designate the account as an attorney trust, special, or escrow account as required by Code of Professional Responsibility DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2]). The checks simply contained the notation, "Stephen D. Ryan, III."

Charge fifteen alleged that the respondent failed to maintain required bookkeeping records for his escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (1), (2) and (8) (22 NYCRR 1200.46 [d] [1], [2], [8]).

The Grievance Committee directed the respondent to produce for inspection the bookkeeping records that he was required to maintain for his attorney trust account pursuant to Code of Professional Responsibility DR 9-102 (d) and (H) (22 NYCRR 1200.46 [d], [h]). The respondent provided the Grievance Committee with original bank statements and canceled checks for the period from December 1995 through March 1997, but did not provide it with duplicate deposit slips. Moreover, the respondent did not provide or maintain a record showing the source of all funds deposited into the account, the names of all persons for whom the funds were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed.

Charge sixteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a

duly-constituted escrow account in breach of his fiduciary duties. On or about October 1, 1996, the respondent deposited $1,820 into his attorney trust account. The respondent received the $1,820 from his aunt and deposited it into his escrow account in order to cover his improper disbursements therefrom.

Charge seventeen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly-constituted escrow account in breach of his fiduciary duties. On or about October 4, 1996, the respondent deposited $5,000 into his attorney trust account. The respondent borrowed the $5,000 from a friend and deposited it into his escrow account in order to cover his improper disbursements therefrom.

Charge eighteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to account for funds entrusted to him, in violation of Code of Professional Responsibility DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3]).

On or about January 12, 1996, $17,150 was transferred from the Gilliat sub-account of the respondent's attorney trust account to the main account. An additional $7,892.29 was transferred on or about January 18, 1996. The respondent subsequently made disbursements of $21,000 from his attorney trust account on behalf of Mary Gilliat. The respondent maintained that he was entitled to receive $2,500 as a fee in the Gilliat matter. Moreover, he made a payment of $955 to the Dutchess County Clerk on behalf of Ms. Gilliat. The respondent failed to account for the remaining $587.29.

Charge nineteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]), by failing to maintain a duly-constituted escrow account.

Between January 1996 and September 1997, the bank imposed charges of approximately $627.88 on the respondent's attorney trust account. The respondent did not have any funds on deposit in that account to cover the bank charges. Although the respondent received notice of the charges on the monthly statements provided by the bank, he failed to account for the bank charges. Thus, they were charged against funds that the respondent was required to hold on behalf of others.

Since the respondent stipulated to all of the allegations contained in the petition, the Special Referee properly

sustained all 19 charges of professional misconduct against him.

In determining the appropriate measure of discipline to impose, the respondent, who has no prior disciplinary history, asks the Court to consider his previously-unblemished record, his acknowledgment of guilt, his payment of restitution to his clients, and that his misconduct was directly related to the disease of alcoholism, from which he is now recovering. The respondent asks the Court to refer him to the Lawyer Assistance Program for monitoring rather than suspend him from the practice of law at this time.

Under the totality of the circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, O'BRIEN, S. MILLER and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent's cross motion to disaffirm in part the Special Referee's report is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Stephen D. Ryan, III, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Stephen D. Ryan, III is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.